## DANIEL BURNHAM *versus* WILLIAM TOOTHAKER.

It appeared that one S requested the plaintiff to purchase a hog for him, proposing to pay therefor in lumber; that the plaintiff purchased two sows, and left them in the possession of said S, by whom the same were killed — and that the increase were sold to the defendant. The question whether it was the intention of the plaintiff and said S, that the sows and their increase should belong to said S, was held to have been properly submitted to the jury.

Upon exceptions, the Court will not consider the correctness of the finding of the jury.

EXCEPTIONS from the District Court.

This was an action of trover, in which the plaintiff claimed to recover the value of four shoats. The plaintiff, to prove his title to the property, introduced a bill of sale, from David and Moses Morrison, dated March 16th, 1839, of two shoats. Said shoats were sows, and were, by direction of the plaintiff, taken to mills in Rangely, owned by himself and one David Webster; and left in the possession of Enoch Staples, who was then carrying on said mills at the halves. It was further proved that said Staples was a poor man, and unable to purchase a hog; that he requested the plaintiff to buy one for him — which he promised to do — that thereupon, he purchased said sows, and sent them to him — that when said Staples applied to the plaintiff to buy him a hog, the plaintiff in answer to his inquiry, as to how he could pay for it — replied that he would take pay in lumber, or any thing else; that said Staples kept said sows, till they had a litter of pigs — that in the fall, he killed the sows and sold the pigs to the defendant — which were the pigs in dispute. It was likewise proved, that the plaintiff spoke of having bought said sows for said Staples.

WHITMAN J. who tried the cause, instructed the jury, that the said Staples, having said pigs in his possession, had one index of ownership of them, and taken in connexion with the other facts proved in the case, they would consider, whether it was reasonable for them to believe that it was the intention

of the plaintiff, and said Staples, that the sows with their increase should be the property of said Staples or not; and if they should be satisfied of the affirmative, that the defence was well made out.

The jury returned a verdict for the defendant; and the plaintiff filed exceptions, which were allowed.

*J. Randall,* for the plaintiff.

*Sherburne,* for the defendant.

By the Court. — It is no part of our duty, under these exceptions, to determine the correctness of the finding of the jury, upon the evidence adduced. The question submitted to our revision is, whether the instructions of the presiding Judge were erroneous in point of law. He left it to the jury to decide, whether at the time the defendant bought the swine in question of Staples, the property was in him, which they found in the affirmative. If there was no evidence leading to this conclusion, the cause ought not to have been so left. But it does appear to us, that there was such evidence. The case finds, that Staples requested the plaintiff to buy a hog for him, proposing to pay the plaintiff therefor in lumber, or in some other way, that the plaintiff thereupon bought two sows, of which the swine in controversy were the increase, and put them into the hands of Staples. The request was to buy one, but two were purchased and received, and if the testimony stopped there, it might fairly be insisted, that only one was intended for Staples. But it was in proof that the plaintiff often spoke of having bought both the sows for him. If such was the fact, which the jury must have found, his subsequent possession was evidence of property. The circumstances of that possession and the connexion between Staples and the plaintiff, were before the jury. Mere possession, as Staples was carrying on the plaintiff's mill on shares, would have weighed little or nothing in the scale, if the plaintiff had not declared, that he purchased the swine for Staples. We do not perceive any sufficient legal ground, upon which to declare the instructions of the Judge erroneous.          *Exceptions overruled.*